UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TRUSTEES OF THE LOCAL 7 TILE INDUSTRY
WELFARE FUND, TRUSTEES OF THE LOCAL 7
TILE INDUSTRY ANNUITY FUND, TRUSTEES
OF THE TILE LAYERS LOCAL UNION 52
PENSION FUND, TRUSTEES OF THE
BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND, and TRUSTEES
OF THE INTERNATIONAL MASONRY INSTITUTE,

ORDER

12-CV-5974 (NGG) (RER)

Plaintiffs,

-against-

ALP STONE, INC.,

Defendant.
----------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs Trustees of the Local 7 Tile Industry Welfare Fund, Trustees of the Local 7 Industry Annuity Fund, Trustees of the Tile Layers Union 52 Pension Fund, Trustees of the Bricklayers & Trowel Trades International Pension Fund, and Trustees of the International Masonry Institute (collectively, "Plaintiffs") commenced this action on December 4, 2012, alleging violations by Defendant Alp Stone, Inc. ("Defendant") of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq., and the Labor Management Relations Act, 29 U.S.C. §§ 141, et seq. (See Compl. (Dkt. 1).) Defendant answered the Complaint on December 12, 2012. (Answer (Dkt. 4).)

Following discovery, Plaintiffs requested a pre-motion conference in anticipation of filing a motion for summary judgment. (Pls.' June 23, 2014, Ltr. (Dkt. 28).) Defendant advised that it did not intend to oppose Plaintiffs' motion. (Def.'s June 24, 2014, Ltr. (Dkt. 29).) Subsequently, on October 6, 2014, in accordance with the court's direction, Plaintiffs filed their

1

unopposed motion for summary judgment, seeking unpaid contributions, prejudgment interest, liquidated damages, attorneys' fees and costs, and audit costs. (Pls.' Mot. for Summ. J. (Dkt. 31); see also, e.g., Pls.' Mem. in Supp. of Mot. for Summ. J. (Dkt. 33).) By letter filed October 8, 2014, Defendant confirmed that it did not oppose the motion. (Def.'s Ltr. Resp. to Mot. (Dkt. 36).) The court referred Plaintiffs' motion to Magistrate Judge Ramon E. Reyes, Jr., for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) (Oct. 10, 2014, Order Referring Mot.); and on June 17, 2015, Judge Reyes issued an R&R recommending that the court grant Plaintiffs' motion in part, such that judgment be granted against Defendant in the amount of $618,104.40, with $97.21 in per diem interest accruing from June 18, 2015, through entry of judgment by the Clerk of Court.[1] (See R&R (Dkt. 38) at 2.) Judge Reyes also recommended that Plaintiffs be granted leave to move for an award of attorneys' fees and costs; and that Plaintiffs' request for audit fees be denied without prejudice at this time, but that Plaintiffs be granted leave to submit appropriate documentation in support of their request for audit fees when they move for attorneys' fees and costs. (Id. at 9-10.) Furthermore, Judge Reyes advised the parties that any objections to the R&R were required to be filed by July 6, 2015, and that failure to file timely objections may waive the right to appeal this court's order. (See id. at 10 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).)

No party has objected to Judge Reyes's R&R, and the time to do so has passed. Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation &

---

[1] Specifically, Judge Reyes recommended that Plaintiffs be awarded: (1) unpaid contributions in the amount of $354,815.91; (2) interest on the unpaid contributions in the amount of $193,739.21 through June 17, 2015, plus $97.21 per day from June 18, 2015, to the date of judgment; and (3) liquidated damages in the amount of $69,549.29. (R&R (Dkt. 38) at 7-10.)

2

Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court adopts the R&R in full. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order).

Accordingly, the court ADOPTS IN FULL the R&R. Plaintiffs' motion for summary judgment is GRANTED IN PART, and the Clerk of Court is respectfully directed to enter judgment in favor of Plaintiffs in the amount of $618,104.40, plus $97.21 in per diem interest accruing from June 18, 2015, through the date of entry of judgment. Additionally, Plaintiffs are GRANTED leave to submit an application for an award of attorneys' fees and costs. Plaintiffs are DIRECTED to file a letter with a proposed briefing schedule for such a motion by no later than 14 days from the date of entry of this Order. Finally, Plaintiffs' request for audit costs is DENIED WITHOUT PREJUDICE at this time, but Plaintiffs may resubmit their request for audit costs along with supporting documentation at the same time they move for an award of attorneys' fees and costs.

SO ORDERED.

Dated: Brooklyn, New York
July 7, 2015

s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge